PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a referee’s report accepting the respondent attorney’s guilty plea for consent judgment and recommending imposition of agreed disciplinary measures. We review the report pursuant to Rules 3-7.6(c)(6) and 3-7.8(c) of the Rules Regulating The Florida Bar.
The pleas of guilty and consent judgment were submitted to the referee as provided in Rule 3-7.8(b). The Florida Bar moved for acceptance of the plea and approval of the consent judgment on discipline.
Based on respondent’s guilty plea, the referee found the following facts:
(a) On June 12, 1984 Respondent issued a check from his trust account payable to Clerk, County Court, in the amount of $21.00 which was dishonored by the bank because of insufficient funds.
(b) As a result of the foregoing, an examination and analysis of Respondent’s trust accounts were conducted for the period June 1983 through February 1986 (hereinafter referred to as “audit”.)
(c) The audit revealed that Respondent’s handling of his trust account was not in compliance with the minimum trust accounting procedures required pursuant to Rule 11.02(4), Integration Rule of The Florida Bar and its Bylaws, as described below.
(d) Respondent deposited client funds entrusted to him in the trust account of another attorney.
(e) Respondent issued checks against uncollected funds.
(f) Respondent failed to make quarterly and/or monthly trust account reconciliations.
(g) Respondent failed to keep an accurate running balance in his check-stub book.
(h) Respondent failed to maintain proper ledger cards or similar equivalent records clearly reflecting the date, amount, source, and reason for all receipts and disbursement of trust funds.
(i) Respondent's poor recordkeeping resulted in the return of Respondent’s check referred to in Paragraph (a) above by the bank.
The referee recommended that respondent be found guilty of violating article XI, Rule 11.02(4) and corresponding bylaws of the *291 former Integration Rule of The Florida Bar and Disciplinary Rule 9-102(A) of the former Code of Professional Responsibility. The currently effective provisions on trust account practices corresponding to those previously found in article XI of the Integration Rule are now set forth in Rules 5-1.1 and 5-1.2 (Rules Regulating Trust Accounts) of the Rules Regulating The Florida Bar. The substance of former Disciplinary Rule 9-102(A) is now found in Rule 4-1.15 of the new rules.
The referee recommended disciplinary measures set forth as follows:
(a) public reprimand to be published in the Southern Reporter upon entry of the final order of discipline by the Supreme Court of Florida;
(b) two (2) years’ probation during which time Respondent is required to submit quarterly reports from a Certified Public Accountant reflecting that his trust account is being maintained in compliance with the Rules Regulating Trust Accounts.
Neither party seeks review of the findings or recommendations. We therefore approve the referee’s report. We hereby reprimand attorney Marvin C. Norton, Jr., and place him on probation for two years under the conditions stated in the referee’s report.
The Florida Bar’s costs are assessed against respondent. Judgment is entered for costs in the amount of $1,472.86, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.